UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 21cr2909-BAS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| MAURICE JOHNSON (5), | |
| Defendant. | |

WHEREAS, in the Indictment, the United States sought forfeiture of all properties seized in connection with the case which belong to or where in the possession of Defendant MAURICE JOHNSON ("Defendant"), including any interest Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962, any interest in, security of, claim against, and property or contractual right to any kind of influence over any enterprise the defendant established, operated, controlled, conducted, or participated in the conduct of in violation of Title 18 U.S.C. § 1962, and any property constituting or derived from any proceeds the defendant obtained directly or indirectly, as a result of the offense alleged in Count 1 pursuant to Title 18, United States Code, Section 1963; and

WHEREAS, on or about August 8, 2023, Defendant pled guilty before Magistrate Judge Bernard G. Skomal to Count 1 of the Indictment, which plea included consent to the forfeiture allegations of the Indictment and agreement to forfeiture of all properties seized in connection with the case, including but not limited to the following:

(1) Any interest Defendant acquired or maintained from the offense in Count 1 of the Indictment;

(2) Any interest in, security of, claim against, and property or contractual right to any kind of influence over any enterprise the defendant established, operated, controlled, conducted, or participated in the conduct of in violation of Title 18, United States Code, Section 1962; and

    a.    One (1) magazine with two (2) 9mm rounds ammunition;

    b.    One (1) Glock 9mm with one (1) magazine, SN: BEZZ953;

    c.    Nine (9) 9mm rounds ammunition;

    d.    Two (2) silver iPhones;

    e.    $264.00 in United States Currency;

    f.    $669.00 in United States Currency;

    g.    $4,000.00 in United States Currency;

    h.    One (1) pair of diamond-like studded grillz; and

WHEREAS, on September 1, 2023, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited properties and the offense set forth in Count 1 to which Defendant has pled guilty; and,

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties pursuant to 18 U.S.C. §1963(a) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    Based upon the guilty plea of the Defendant to Count 1 of the Indictment, the United States is hereby authorized to take custody and control of the following properties and all right, title and interest of Defendant MAURICE JOHNSON in them are hereby

forfeited to the United States pursuant to Title 18, United States Code, Section 1963(a) for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 1963(l):

 (1) Any interest Defendant acquired or maintained from the offense in Count 1 of the Indictment;

 (2) Any interest in, security of, claim against, and property or contractual right to any kind of influence over any enterprise the defendant established, operated, controlled, conducted, or participated in the conduct of in violation of Title 18, United States Code, Section 1962; and all the following property:

  a. One (1) magazine with two (2) 9mm rounds ammunition;

  b. One (1) Glock 9mm with one (1) magazine, SN: BEZZ953;

  c. Nine (9) 9mm rounds ammunition;

  d. Two (2) silver iPhones;

  e. $264.00 in United States Currency;

  f. $669.00 in United States Currency;

  g. $4,000.00 in United States Currency;

  h. One (1) pair of diamond-like studded grillz.

 2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation in its secure custody and control.

 3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

 4. Pursuant to the Attorney General's authority under Section 1963(l) of Title 18, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture

website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 18 U.S.C. § 1963(l) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

IT IS SO ORDERED.

DATED: December 8, 2023

_____
Honorable Cynthia Bashant
United States District Judge